SHARP, W., J.
Holley asks this court to issue a writ of mandamus directing the circuit court to render a written order denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. The record indicates a written order was signed by the circuit court and filed in open court. However, the order fails to comply with Florida Rule of Criminal Procedure 3.850(g), which requires “[a]ll orders denying motions for post-conviction relief shall include a statement that the movant has the right to appeal within 30 days of the rendition of the order.”
The time for bringing a timely appeal of this order has passed and the jurisdiction of the circuit court to enter a different order is questionable. Thus, mandamus is an inappropriate remedy. Cf. Rackley v. State, 758 So.2d 1250 (Fla. 5th DCA 2000) (mandamus to compel lower court to rule on pending motion denied where appeal of final order is pending on appeal and lower court has no jurisdiction). See also Stupelli v. Dimitrouleas, 616 So.2d 640 (Fla. 4th DCA 1993) (petition for writ of mandamus will not be granted when writ, if issued, would prove unavailing).
Under similar circumstances, this court has allowed a belated appeal when the trial court has issued an order which is not in compliance with rule 3.850(g). See, e.g., Kelly v. State, 740 So.2d 1260 (Fla. 5th DCA 1999); Wray v. State, 690 So.2d 687 (Fla. 5th DCA 1997); Lewis v. State, 678 So.2d 484 (Fla. 5th DCA 1996). See also Vlacos v. State, 730 So.2d 864 (Fla. 1st DCA 1999).
Accordingly, we elect to treat Holley’s petition for writ of mandamus as a petition for belated appeal and we order that the state show cause within 20 days why a belated appeal should not be granted in this case.
SAWAYA, C.J., and PETERSON, J., concur.